IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-01242-001-TUC-JCH (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Gregory Dwayne Ramos, | |
| Defendant. | |

  Defendant Gregory Ramos ("Defendant") filed a Motion to Suppress Testimonial Custodial Interviews of Removed Material Witnesses and a Motion for Disclosure. (Doc. 12.) The Government responded. (Doc. 15.) On August 6, 2021, Magistrate Judge Eric J. Markovich issued a Report and Recommendation (R&R) recommending denial of the Motion in its entirety. (Doc. 17.) The R&R advised that pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of the R&R. (*Id.*) No objections were filed. The Court will adopt the R&R and deny both the Motion to Suppress and the Motion for Disclosure.

**I. Background**

  On May 3, 2021, United States Border Patrol (USBP) agents encountered Defendant in the parking lot of a nursing facility near Sells, Arizona. (Doc. 1.) A consensual search of Defendant's vehicle revealed five additional occupants, all nondocumented noncitizens, hiding in the backseat and on the front passenger floorboard. (Doc. 1.) The Government charges Defendant with Alien Smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), 8 U.S.C. § 1324(a)(1)(B)(ii), and 8 U.S.C. § 1324(a)(1)(B)(iii). (Doc. 1.)

  Defendant's Motion to Suppress seeks to preclude the statements of the five material witnesses as inadmissible hearsay because the trial testimony was neither preserved by video deposition nor are the witnesses available to testify at trial. (Doc. 3.) The Motion for Disclosure seeks an Order requiring the Government to disclose evidence of a plan or

practice to conduct witness interviews to preserve trial testimony in similar situations. (Doc. 3.) In Response, the Government argues that the Motion to Suppress seeks exclusion of evidence that the Government has no intention of admitting, and that the requested disclosure does not exist. (Doc. 15 at 2-3.)

The Magistrate Judge recommends denial of the Motion to Suppress as moot because the Defendant has already obtained the remedy he seeks, namely the preclusion of the testimonial evidence. (Doc. 17 at 3.) The R&R also recommends denial of the Motion for Disclosure as moot, finding that there is no evidence of such practice or plan and Defendant has obtained the relief requested. (Doc. 17 at 5.)

## II. Analysis

When reviewing a magistrate judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all ... of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1).

Here, the deadline to object passed on August 20, 2021 without the parties objecting. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna–Tapia*, 328 F.3d at 1121. The Court has reviewed the record and concludes that Judge Markovich's recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1). Accordingly,

**IT IS ORDERED ACCEPTING AND ADOPTING IN FULL** Judge Markovich's Report and Recommendation (Doc. 17).

Dated this 29th day of September, 2021.

Honorable John C. Hinderaker
United States District Judge