**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-01242-001-TUC-JCH (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Gregory Dwayne Ramos, | |
| Defendant. | |

Trial is set to begin June 26, 2023. *See* Doc. 79. Defendant faces charges including conspiracy to transport illegal aliens (one count) and transportation of illegal aliens (two counts) in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i), and 1324(a)(1)(B)(ii). Doc. 7. Before the Court is the government's "Motion In Limine Re: A-File Documents" (the "Motion"). Doc. 41. The government seeks to introduce and admit at trial documents from the A-Files of the Aliens in this case showing their lack of legal status and previous deportations. *See* Doc. 41 at 1, 2. Defendant opposes the Motion. Doc. 43. For the following reasons, the Court grants the Motion in part and denies the Motion in part.

**I.   Motion in Limine**

The government argues that the requested documents fall within the public records exception to the rule against hearsay and are non-testimonial under the Confrontation Clause. Doc. 41 at 3. The government also contends that this case should follow the analyses from *United States v. Lopez*, 762 F.3d 852, 861 (9th Cir. 2014), and *United States*

*v. Torralba-Mendia*, 784 F.3d 652 (9th Cir. 2015). *Id.* at 4. Defendant raises several arguments. First, Defendant challenges the government's failure to identify specific documents it seeks to introduce. Doc. 43 at 6 ("The Government seeks this Court's blanket approval to admit into evidence any and all documents contained in the material witnesses' A-files in order to establish their alienage and illegal presence in the United States…"). Second, Defendant argues that the government's interpretation of *Torralba-Melinda* overstates its holding and argues that not "every document an A-File contains is necessarily ministerial in nature." *Id.* at 7–8. Defendant also contends that the Aliens' I-213 forms were created in anticipation of litigation and therefore their admission would violate the Confrontation Clause of the Sixth Amendment. *See id.* at 6–7.

**A. Legal Standard**

Rule 803(8) governs the public records exception to the rule against hearsay and provides, in relevant part, that a record or statement of a public office is admissible as non-hearsay if it sets out "a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel" and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). The hearsay exceptions under Rule 803, including the public records exception, apply regardless of whether the declarant is available to testify as a witness. The hearsay exceptions under Rule 804 apply only when the declarant is unavailable. A declarant is not considered to be unavailable to testify if "the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying." Fed. R. Evid. 804(a).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." *Torralba-Mendia*, 784 F.3d at 665; U.S. Const. Amend. VI. "The Sixth Amendment ... prohibits the introduction of testimonial statements by a nontestifying witness, unless the witness is unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Ohio v. Clark*, 576 U.S. 237, 243 (2015) (internal citation and quotation omitted). "A

statement is within the core class of testimonial statements when it was made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Torralba-Mendia*, 784 F.3d at 665 (internal citation and quotation omitted). "[P]ublic records are normally non-testimonial because they are created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial." *Id.* at 665-66.

The Ninth Circuit has "repeatedly held that immigration documents contained in an alien's A-file are non-testimonial because they are not made in anticipation of litigation, and because they are simply a routine, objective cataloging of an unambiguous factual matter." *Id.* at 666. This pronouncement should not be read to conclude that *all* documents contained in an Alien's A-File are non-testimonial, and Ninth Circuit precedent takes steps to identify the specific documents at issue. *See e.g., Torralba-Mendia*, 784 F.3d at 665 (holding I–213 forms was non-testimonial); *United States v. Lopez*, 762 F.3d 852, 801 (9th Cir. 2014) (holding Notice to Alien Ordered Removed/Departure Verification (Form I-296) was non-testimonial); *United States v. Albino-Loe*, 747 F.3d 1206, 1210 (9th Cir. 2014) (holding Notice to Appear was non-testimonial); *United States v. Rojas–Pedroza*, 716 F.3d 1253, 1269 (9th Cir. 2013) (holding Notice of Intent/Decision to Reinstate Prior Order (Form I–871) was non-testimonial); *United States v. Morales*, 720 F.3d 1194, 1200 (9th Cir. 2013) (holding I–826 forms were non-testimonial); *United States v. Orozco–Acosta*, 607 F.3d 1156, 1164 (9th Cir.2010) (holding warrants of removal were non-testimonial). The Ninth Circuit has also held that I–213 forms are admissible under Rule 803(8). *Torralba-Mendia*, 784 F.3d at 665–66. Because the forms had been redacted to remove "any alien statements about their country of origin, or any admission that they were in the United States illegally ... there is no need to determine if the aliens' statements qualify for a hearsay exception." *Id.*

**B. Analysis**

The government seeks to prove the Aliens' "lack of status and previous deportations," Doc. 41 at 2, therefore the Court will construe the Motion as a request to

admit the Aliens' I-213 forms and I-296 forms contained in the A-Files.[1] To the extent the government seeks to introduce other unspecified documents from their A-Files, such requests are denied without prejudice.

I-213 forms are admissible pursuant to the public-records exception to the rule against hearsay, which applies regardless of whether the declarant is available as a witness. *See* Fed. R. Evid. 803(8); *Torralba-Mendia*, 784 F.3d at 664–65. Defendant's arguments to the contrary are unpersuasive. First, Defendant indicates that "[his] counsel had no opportunity to participate in the expedited removal proceedings, proceedings the Government expedited in the full knowledge that by so doing it would deprive the Defendant of his right and opportunity to depose and confront his accusers." Doc. 43 at 6–7. Deposing all material witnesses prior to their removal or voluntary departure is unworkable and unsupported by *Torralba-Mendia*. Second, there is no evidence that the government "wrongfully caused" the witnesses' unavailability to prevent them from testifying at trial under Fed. R. Evid. 804(a).[2] Defendant has not filed any motion related to bad faith witness deportation and does not argue that the government's deportation/removal of the alien witnesses otherwise departed from its normal procedures. Lastly, the admission of I-213 forms do not violate Defendant's rights under the Confrontation Clause, as the form itself is the statement of ICE and not the material witness. *See Torralba-Mendia*, 784 F.3d at 665–66. The government must, however, redact

---

[1] "The Alien File ("A–File"), Index, and National File Tracking System of Records is the official record system that contains information regarding transactions involving an individual as he/she passes through the U.S. immigration and inspection process." Privacy Act of 1974; U.S. Citizenship and Immigration Services, Immigration and Customs Enforcement, Customs and Border Protection—001 Alien File, Index, and National File Tracking System of Records, 76 Fed.Reg. 34233, 34234 (June 13, 2011). Form I-213, Record of Deportable/Inadmissible Alien, contains information regarding the person's country of birth, country of citizenship, and other statements such as their date and manner of entry. Form I-213 contains biographical information; the date, place, time, and manner of entry to the United States (or a statement that the information is unknown); and immigration and criminal history. Form I-296, Verification of Removal, is used to record the removal of an individual from the United States during the expedited removal process. *See* 8 U.S.C. § 1225(b)(1)(A)(i).

[2] The Motion indicates that, "the government did not file an affidavit of detention for the five material witnesses, and they were released to the Department of Homeland Security for their return to Mexico." Doc. 41 at 2; Doc. 43 at 7.

all material witness statements and officer narration from the forms in accordance with *Torralba-Mendia*. *Id.* After such redaction, I-213 forms are admissible for the "ministerial, objective observation" limited to the Aliens' name, photograph, fingerprints, as well as the date, port and method of departure, and the officer's signature. *Id.* at 665.

Similarly, I-296 forms fall within the public-records exception to the hearsay rule and do not run afoul of the Confrontation Clause. *See* Fed. R. Evid. 803(8); *Lopez*, 762 F.3d at 860–63 ("Recording and maintaining verifications that an individual has been deported falls under the rubric of responsibilities assigned to the Department of Homeland Security; therefore, completing the verification of removal form is appropriate to the function of the agency."). Accordingly, I-296 forms are admissible to show whether the Alien(s) were removed.

**II.     Order**

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** the government's Motion in Limine (Doc. 41) subject to the redactions and limitations described above.

Dated this 4th day of April, 2023.

_____
Honorable John C. Hinderaker
United States District Judge