**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Gregory Dwayne Ramos,<br><br>Defendant. | No. CR-21-01242-001-TUC-JCH (EJM)<br><br>**ORDER** |

Before the Court is the "Government's Motion In Limine Re: Form I-205 from A- File" ("Motion"). Doc. 91. Defendant opposes the Motion. Doc. 99. For the following reasons, the Court grants the Motion.

**I.      Background**

Defendant faces charges related to Conspiracy to Transport Illegal Aliens (one count) and Transportation of Illegal Aliens (two counts) in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i), and 1324(a)(1)(B)(ii). Doc. 7. Trial is set to begin June 26, 2023. *See* Doc. 79.

Previously, the government sought to introduce and admit at trial documents from the A-Files of the Aliens in this case showing their lack of legal status and previous deportations. *See* Doc. 41 at 1, 2. In an Order dated April 5, 2023, the Court construed and granted the government's motion to admit the Aliens' I-213 and I-296 Forms subject to certain redactions and limitations. *See* Doc. 84. The Court found that the Aliens' I-213 and I-296 forms fell within the public-records exception to the hearsay rule and did not violate the Confrontation Clause of the Sixth Amendment. *Id.* at 3–5. The government now moves to introduce and admit at trial the Aliens' I-205 forms, otherwise known as Warrant of

Removal/Deportation Forms, arguing that such forms are also non-testimonial and admissible under the public records exception. Doc. 91.

Defendant objects. Doc. 99. He argues that admission of the Aliens' I-205 Forms would violate both the Confrontation Clause of the Sixth Amendment and the holding in *United States v. Torralba-Medina*. *Id.* at 6 (citing 784 F.3d 652 (9th Cir. 2015)). Defendant contends that the I-205 Forms were created in anticipation of litigation and are part of an increasingly common practice that deprives defendants of their right to depose and confront accusers. *Id.* at 6. Moreover, Defendant seemingly argues that the forms cannot be admitted under the public records exception to the rule against hearsay, Fed. R. Evid. 803(8), because they lack both trustworthiness and reliability. *Id.* at 6.

**II.   Analysis**

  **A.  Confrontation Clause**

The Sixth Amendment prohibits the introduction of testimonial statements by a non-testifying witness, unless the witness is unavailable, and the defendant had a prior opportunity for cross-examination. *Ohio v. Clark*, 576 U.S. 237, 243 (2015) (internal citation and quotation omitted). In *Crawford v. Washington*, the Court declined to provide a definition for "testimonial" evidence but explained that "it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." 541 U.S. 36, 68 (2004).

Post-*Crawford*, the Ninth Circuit has several times considered whether a warrant of deportation is testimonial evidence. Relying on a pre-*Crawford* decision, the Ninth Circuit held that a "warrant of deportation is nontestimonial because it was not made in anticipation of litigation, and because it is simply a routine, objective, cataloging of an unambiguous factual matter." *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005). The Court distinguished a warrant of deportation from the subjective reports made by law enforcement officials in an on-the-scene investigation. *Id.* (citing *United States v. Hernandez–Rojas*, 617 F.2d 533, 535 (9th Cir. 1980)). Such investigative reports, the Court explained, lack sufficient guarantees of trustworthiness because they are made in an

adversary setting and are likely to be used in litigation. *Id.*

The Ninth Circuit revisited its conclusion, related to warrants of removal, following the Supreme Court's decision in *Melendez-Diaz v. Massachusetts*. In *Melendez-Diaz*, the Court held that a police lab technician's report was "testimonial" because the technician's intent was "the production of evidence for use at trial." 557 U.S. 305, 321 (2009). Following *Melendez-Diaz*, *Orozo-Acosta* appealed the admission of his warrant of removal arguing such records were testimonial and violative of his confrontation right, because it was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *United States v. Orozco-Acosta*, 607 F.3d 1156, 1163–64 (9th Cir. 2010) (internal citation and quotation omitted). The Ninth Circuit disagreed and explained the possibility that a warrant of removal could be used in a later criminal prosecution does not render it testimonial under *Crawford*. *Id.* at 1164. The Circuit reiterated its holding in *Bahena–Cardenas* and explained that "neither a warrant of removal's sole purpose nor even its primary purpose is [for] use at trial." *Id.* at 1163.

Here, Defendant fails to show the Aliens' I-205 Forms are testimonial in this case. The primary purpose of a I-205 Form is to record the movements of aliens and ensure compliance with orders of deportation, not to prove facts for use in future criminal prosecutions. *See Orozco-Acosta*, 607 F.3d at 1163. Based on the government's representations, the information captured in the instant I-205 Forms include the Aliens' names, photographs, fingerprints, signatures, date/port/method of departures, and the officer's signature. Doc. 91 at 2. Defendant fails to show the I-205 Forms at issue "lack sufficient guarantees of trustworthiness because they are made in an adversary setting and likely to be used in litigation." *Bahena-Cardenas*, 411 F.3d at 1075 (internal citation omitted). Importantly, he does not challenge any specific I-205 form or deficiency. Defendant's bare assertion that the I-205 Forms were "completed by government agents in full knowledge of the pending prosecution of the Defendant," does not render the forms testimonial. Doc. 99 at 6.

### B. Public Records Exception

The Ninth Circuit has repeatedly held that I-205 Forms are generally admissible under the public records hearsay exception. *See, e.g., United States v. Estrella-Yuan*, 437 F. App'x 555, 556–57 (9th Cir. 2011) (explaining "the notation on an I-205 form indicating that an alien has left the country is a routine, objective, indeed mechanical recording of an unambiguous factual matter" (citation omitted)); *United States v. Orozco–Acosta*, 607 F.3d 1156, 1164 (9th Cir. 2010) (holding warrants of removal non-testimonial); *United States v. Hernandez-Rojas*, 617 F.2d 533, 534–35 (9th Cir. 1980) (commenting that the notation on warrant of deportation that a defendant was deported to Mexico was a "ministerial, objective observation, which has inherent reliability because of the Government's need to keep accurate records of the movement of aliens").

Here, Defendant contends that the Aliens' I-205 Forms were not strictly ministerial or objective, as they were completed by law enforcement personnel with full knowledge of the pending adversarial proceeding against the Defendant. Doc. 99 at 7–8. Defendant urges the Court to follow *United States v. Orellana-Blanco*, a case that purportedly limits admissibility to "records of routine, nonadversarial matters made in a nonadversarial setting reflecting ministerial, objective observations." *Id.* at 7 (citing 294 F.3d 1143 (9th Cir. 2022) (internal citation and quotations omitted)). *Orellana-Blanco* is unpersuasive. The Record of Sworn Statement at issue in *Orellana-Blanco* was adversarial in nature because it was based on an interview containing subjective observations, summaries, opinions, and conclusions made by law enforcement. 294 F.3d 1143 (9th Cir. 2022). This is different than the objective observations contained in the I-205 Forms involving an alien's name, photograph, fingerprint, signature, date/port/method of departure, and the officer's signature. *See* Doc. 91 at 2. The Court also rejects the assertion that an I-205 Form loses its inherent reliability because the government agents who presumably signed the forms had knowledge of the criminal proceedings against Defendant. Defendant offers no caselaw for his position, and the Court has found none. Accordingly, the Court declines to

- 4 -

deny the Motion on this basis.[1]

## III. Order

**IT IS ORDERED GRANTING** the Government's Motion In Limine Re: I-205 Form from A-File (Doc. 91).

Dated this 9th day of May, 2023.

_____
Honorable John C. Hinderaker
United States District Judge

---

[1] The Court previously determined the Aliens' I-296 forms were admissible at trial. *See* Doc. 84. It's unclear whether the government intends to admit both I-296 and I-205 Forms for each of the Aliens in this case. The Ninth Circuit has noted similarities between Forms I-296 and I-205: "Both documents record the alien's physical removal across the border and are made for the purpose of recording the movement of aliens. The only functional difference between the two is that a [Form I-296] is used to record the removal of aliens pursuant to expedited removal procedures, while [Form I-205] records the removal of aliens following a hearing before an immigration judge." *United States v. Lopez*, 762 F.3d 852, 862–63 (9th Cir. 2014). The Court reserves ruling on whether the admission of I-296 and I-205 Forms for a single Alien would be cumulative.